IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRAGENT, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| VOLVO CAR NORTH AMERICA, LLC, | |
| Defendant. | JURY TRIAL DEMANDED |

COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Stragent, LLC ("Plaintiff" or "Stragent") complains against Defendant Volvo Car North America, LLC, all upon information and belief, as follows:

THE PARTIES

1.      Plaintiff Stragent is a limited liability company existing under the laws of the State of Texas.

2.      Defendant Volvo Car North America, LLC ("Volvo") is a limited liability company organized and existing under the laws of the State of Delaware.  Volvo maintains its registered office at The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.  Volvo is directly or indirectly owned by Volvo Car AB, which is part of the Volvo Car Group (Volvo Cars), and that entity's ultimate 99% ownership is held by Geely Sweden Holdings AB, which is owned by Zhejiang Geely Holding Group Co., Ltd of China.

3.      The automobiles which are made, used, offered for sale, sold or imported by Volvo in this country, since July 11, 2017, the date Patent No. 9,705,765 issued, are collectively referred to here as "Volvo Cars" or as "Accused Instrumentalities."

**JURISDICTION AND VENUE**

4.      This is an action for patent infringement arising under the patent laws of the

United States of America, 35 U.S.C. § 1, et seq., including 35 U.S.C. § 271.  This Court has

subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has general and specific personal jurisdiction over Defendant because

it resides in the State of Delaware.

6.      Venue is proper in this judicial district as to Defendant under 28 U.S.C. § 1400(b)

because Defendant resides in this judicial district.

**DEFENDANT'S USE OF AUTOSAR TECHNOLOGY**

7.      AUTOSAR (AUTomotive Open System ARchitecture) is an enabling technology,

and, particularly, a layered system for sharing information in an automobile vehicle, which has

been standardized by a worldwide development partnership of vehicle manufacturers, suppliers

and other companies from the electronics, semiconductor and software industry.  AUTOSAR

comprises, among other things, a set of specifications describing software architecture

components and defining their interfaces.  The AUTOSAR standards facilitate the exchange and

update of software and hardware over the service life of a vehicle by providing a common

software infrastructure for automotive systems of all vehicle domains based on standardized

interfaces for the different software layers.  E.g. the software in a control module is stored at

different levels. Highest up is the actual application that is unique to the different car

manufacturers.  The application corresponds to a certain function and means that something must

finally be carried out.  Execution is performed by the processor (Micro controller) generating an

electrical output signal. But before the applications request reaches the processor, it (i.e. the

request) must be managed by the different parts of the software.  Communication between these

software parts is now standardized according to guidelines from AUTOSAR.  This means that

the supplier supplies the control module with software that works directly with the car

manufacturer's application.  All control modules connected to FlexRay and CAN networks

contain software components corresponding to AUTOSAR's specifications.  AUTOSAR's

specifications also apply to communication that occurs via FlexRay and CAN networks.

8.       The Volvo Group is a Partner in the AUTOSAR consortium.

9.       In the period from July 11, 2017, all Volvo Cars that have been made, used,

offered for sale, sold or imported into this country (including the XC60/XC60 Classic, XC90,

V40/V40 Cross Country, XC40, S90/S90L, V60/V60 Cross Country, V90/V90 Cross Country

and S60/S60L/S60 Cross Country) have electronic control units ("ECUs") that are connected via

CAN and FlexRay, and their network management follows standard AUTOSAR 4.x.x., which is

incorporated into each of the ECUs.  In 2018, Volvo sold approximately 96,300 cars in this

country, and all, included ECUs with Autosar 4.x.x.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,248,477

10.      Plaintiff realleges and incorporates by reference the paragraphs 1 through 9 of this

Complaint, as if fully set forth herein.

11.      Plaintiff is the owner by assignment of United States Patent No. 10,248,477

entitled "System, Method and Computer Program Product for Sharing Information in a

Distributed Framework" ("the '477 Patent").  The '477 Patent was duly and legally issued on

April 2, 2019.  A true and correct copy of the '477 Patent is attached as Exhibit A.  Plaintiff

holds the exclusive rights to bring suit with respect to any past, present, and future infringement

of the '477 Patent.

12.     The '477 Patent claims are materially different from the claims that had been considered in *Inter Partes* Reviews IPR2017-00676, IPR2017-00677, IPR2017-00457, IPR2017-00458, IPR2017-01503, IPR2017-01502, IPR2017-01504, 2017-01519, IPR2017-01520, IPR2017-01521; 2017-01522, which collectively involved Patent 8,209,705 claims 1-20, and Patent 8,566,843 claims 1-59 (collectively "Prior IPRs").  As one simple example, the '477 Patent claim 1 specifies a "layered system for sharing information," wherein the information is stored and, thereafter, the system "share[s] the stored information with at least one of a plurality of heterogeneous processes including at least one process associated with a second physical network selected from the group consisting of FlexRay, Controller Area Network, and Local Interconnect Network, utilizing a network protocol different from a protocol of the first physical network," which limitations were not included in the claims considered in the Prior IPRs.

13.     During the prosecution of the applications leading to the '477 Patent, applicant cited to the Patent Office all the prior art that was raised during the course of the Prior IPRs, and advised the Patent Office of the Prior IPR proceedings, including that "The above cited inter partes reviews have received final written decisions rendering all challenged claims unpatentable."

14.     Defendant has directly infringed at least claim 1 of the '477 Patent, literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing Volvo Cars, on and after April 2, 2019, without license or authority.  Any Volvo Car containing at least one ECU that operates according to, or in compliance with, Autosar 4.x.x standards inherently and necessarily infringes the claims of the '477 Patent.  Infringement is demonstrated by the preliminary claim chart attached as Exhibit E to this Complaint which compares the limitations of exemplary claim 1 of the '477 Patent against the Accused

Instrumentalities.  Defendant is also believed to infringe claims 2, 4-6, 9-13, 15-17, 20-24, and

26-30 of the '477 Patent, which will be determined once Plaintiff has an opportunity for

discovery, including receipt of Defendant's core documents.

15.     Plaintiff and Defendant have previously litigated U.S. Patents 8,209,705 and

8,566,843, which are patents which issued from a common application and are related to the '477

Patent.  In that prior litigation, Defendant never produced any evidence that the Accused

Instrumentalities were not practicing Autosar and/or were not infringing the claims of U.S.

Patents 8,209,705 and 8,566,843.  If such evidence had existed, Defendant would have disclosed

such evidence to Plaintiff, because such proof would have been sufficient to avoid the cost of the

prior or future litigations.  Thus, Defendant's inability to identify any limitation in the Plaintiff's

asserted patents that is not found in Autosar or in Defendant's automotive vehicles is an eloquent

admission by Defendant that the implementation of Autosar infringes the claims of Plaintiff's

asserted patents and that Defendant is knowingly infringing.

16.     Defendant's acts of infringement have caused and continue to cause damage to

Plaintiff.  Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a

result of Defendant's wrongful acts.

## COUNT II

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,031,790

17.     Plaintiff realleges and incorporates by reference prior paragraphs 1 through 9 of

this Complaint, as if fully set forth herein.

18.     Plaintiff is the owner by assignment of United States Patent No. 10,031,790 ("the

'790 Patent") entitled "System, Method and Computer Program Product for Sharing Information

in a Distributed Framework."  The '790 Patent was duly and legally issued on July 24, 2018.  A

true and correct copy of the '790 Patent is attached as Exhibit B.  Plaintiff holds the exclusive

rights to bring suit with respect to any past, present, and future infringement of the Patent.

19.     The '790 Patent claims are materially different from the claims that had been

considered in the Prior IPRs.  Further, during the prosecution of the applications leading to the

'790 Patent, applicant cited to the Patent Office all the prior art that  was raised during the course

of the Prior IPRs, and advised the Patent Office of the Prior IPR proceedings, including that "The

above cited inter partes reviews have received final written decisions rendering all challenged

claims unpatentable."

20.     Defendant has been and now is directly infringing at least claim 15 of the '790

Patent, literally and/or under the doctrine of equivalents, by making, using, offering for sale,

selling, and/or importing Volvo Cars without license or authority.  Any Volvo Car containing at

least one ECU that operates according to, or in compliance with, Autosar 4.x.x standards

inherently and necessarily infringes the claims of this Patent.  Infringement is demonstrated by

the preliminary claim chart attached as Exhibit F to this Complaint which compares the

limitations of exemplary claim 15 of the '790 Patent against the Accused Instrumentalities.

Further, Defendant's Volvo Cars may also be infringing claims 1, 2, 11, 13 and 26, which will be

determined once Plaintiff has an opportunity for discovery, including receipt of Defendant's core

documents.

21.     Defendant has been aware of the '790 Patent and its application to Volvo Cars

since at least June 22, 2018, when Plaintiff delivered a notice letter to Defendant's counsel,

advising Defendant of the about-to-issue application for the '790 Patent, together with a claim

chart demonstrating how Volvo Cars fell within the scope of at least the allowed application

claim 50, which is now claim 15 of the '790 Patent.

22.     Defendant's response to the above letter of June 22, 2018 never identified any

limitation of the '790 Patent that was missing or could not be found in Volvo Cars.  Further,

Plaintiff and Defendant have previously litigated U.S. Patents 8,209,705 and  8,566,843, which

are patents which issued from a comm on application and are related to the '790 Patent.  In that

prior litigation, Defendant never produced any evidence that the Accused Instrumentalities were

not practicing Autosar and/or were not infringing the claims of U.S. Patents 8,209,705 and

8,566,843.  If such evidence had existed, Defendant would have disclosed such evidence to

Plaintiff, because such proof would have been sufficient to avoid the cost of the prior or future

litigations.  Thus, Defendant's inability to identify any limitation in the Plaintiff's patents that is

not found in Autosar or in Defendant's automotive vehicles is an eloquent admission by

Defendant that the implementation of Autosar infringes the claims of Plaintiff's asserted patents

and that Defendant  is knowingly infringing.  Defendant's acts of infringement have been willful.

23.     Defendant's acts of infringement have caused and continue to cause damage to

Plaintiff. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a

result of Defendant's wrongful acts.

### COUNT III

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,002,036

24.     Plaintiff realleges and incorporates by reference prior paragraphs 1 through 9 of

this Complaint, as if fully set forth herein.

25.     Plaintiff is the owner by assignment of United States Patent No. 10,002,036 ("the

'036 Patent") entitled "System, Method and Computer Program Product for Sharing Information

in a Distributed Framework."  The '036 Patent was duly and legally issued on June 19, 2018.  A

true and correct copy of the '036 Patent is attached as Exhibit C.  Plaintiff holds the exclusive

rights to bring suit with respect to any past, present, and future infringement of the Patent.

26.     The '036 Patent claims are materially different from the claims that had been

considered in the Prior IPRs.  Further, during the prosecution of the applications leading to the

'036 Patent, applicant cited to the Patent Office the Prior IPRs and all the prior art that  was

raised during the course of the Prior IPRs.

27.     Defendant has been and now is directly infringing at least claim 1 of the '036

Patent, literally and/or under the doctrine of equivalents, by making, using, offering for sale,

selling, and/or importing the Accused Instrumentalities without license or authority.  Any

Accused Instrumentalities containing at least one ECU that operates according to, or in

compliance with, Autosar 4.x.x standards inherently and necessarily infringes the claims of  the

'036 Patent.  Infringement is demonstrated by the preliminary claim chart attached as Exhibit G

to this Complaint which compares the limitations of exemplary claim 1 of the '036 Patent against

the Accused Instrumentalities.  Further, the Accused Instrumentalities may also be infringing

claims 2-127, which will be determined once Plaintiff has an opportunity for discovery,

including receipt of Defendant's core documents.

28.     Defendant has been aware of the '036 Patent and its application to Defendant's

Accused Instrumentalities since at least June 22, 2018, when Plaintiff delivered a notice letter to

Defendant's counsel, advising Defendants of the '036 Patent, together with Exhibit G which

demonstrated how the Accused Instrumentalities  fell within the scope of claim 1 of the '036

Patent.

29.     Defendant's response to the above letter of June 22, 2018 never identified any

limitation of the '036 Patent that was missing or could not be found in the Accused

Instrumentalities.  Further, Plaintiff and Defendant have previously litigated U.S. Patents

8,209,705 and  8,566,843, which are patents which issued from a common application and are related to the '036 Patent.  In that prior litigation, Defendant never produced any evidence that the Accused Instrumentalities were not practicing Autosar and/or were not infringing the claims of U.S. Patents 8,209,705 and 8,566,843.  If such evidence had existed, Defendant would have disclosed such evidence to Plaintiff, because such proof would have been sufficient to avoid the cost of the prior or future litigations.  Thus, Defendant's inability to identify any limitation in the Plaintiff's asserted patents that is not found in Autosar or in Defendant's automotive vehicles is an eloquent admission by Defendant that the implementation of Autosar infringes the claims of Plaintiff's asserted patents and that Defendant is knowingly infringing.  Defendant's acts of infringement have been willful.

30.     Defendant's acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts.

## COUNT IV

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,705,765

31.     Plaintiff realleges and incorporates by reference prior paragraphs 1 through 9 of this Complaint, as if fully set forth herein.

32.     Plaintiff is the owner by assignment of United States Patent No. 9,705,765 ("the '765 Patent") entitled "System, Method and Computer Program Product for Sharing Information in a Distributed Framework."  The '765 Patent was duly and legally issued on July 11, 2017.  A true and correct copy of the '765 Patent is attached as Exhibit D.  Plaintiff holds the exclusive rights to bring suit with respect to any past, present, and future infringement of the Patent.

33.     The '765 Patent claims are materially different from the claims that had been

considered in the Prior IPRs.  Further, during the prosecution of the applications leading to the

'765 Patent, applicant cited to the Patent Office the Prior IPRs and all the prior art that  was

raised during the course of the Prior IPRs.

34.     Defendant has been and now is directly infringing at least claim 1 of the '765

Patent, literally and/or under the doctrine of equivalents, by making, using, offering for sale,

selling, and/or importing the Accused Instrumentalities without license or authority.  Any

Accused Instrumentalities containing at least one ECU that operates according to, or in

compliance with, Autosar 4.x.x standards inherently and necessarily infringes the claims of this

Patent.  Infringement is demonstrated by the preliminary claim chart attached as Exhibit H to this

Complaint which compares the limitations of exemplary claim 1 of the '765 Patent against the

Accused Instrumentalities.  Further, the Accused Instrumentalities may also be infringing

additional claims, which will be determined once Plaintiff has an opportunity for discovery,

including receipt of Defendant's core documents.

35.     Defendant has been aware of the '765 Patent and its application to the Accused

Instrumentalities since at least June 22, 2018, when Plaintiff delivered a notice letter to counsel,

advising Defendant of the '765 Patent, together with a claim chart demonstrating how the

Accused Instrumentalities fell within the scope of claim 1 of the '765 Patent.

36.     Defendant's response to the above letter of June 22, 2018 never identified any

limitation of the '765 Patent that was missing or could not be found in the Accused

Instrumentalities.  Further, Plaintiff and Defendant had previously litigated U.S. Patents

8,209,705 and  8,566,843, which are patents which issued from a common application and are

related to the '765  Patent.  In that prior litigation, Defendant never produced any evidence that

the Accused Instrumentalities were not practicing Autosar and/or were not infringing the claims

of U.S. Patents 8,209,705 and 8,566,843.  If such evidence had existed, Defendant would have

disclosed such evidence to Plaintiff, because such proof would have been sufficient to avoid the

cost of the prior or future litigations.  Thus, Defendant's inability to identify any limitation in the

Plaintiff's  asserted patents that is not found in Autosar or in Defendant's automotive vehicles is

an eloquent admission by Defendant that the implementation of Autosar infringes the claims of

Plaintiff's asserted patents and that Defendant is  knowingly infringing.  Defendant's acts of

infringement have been willful.

37.     Defendant's acts of infringement have caused and continue to cause damage to

Plaintiff.  Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a

result of Defendant's wrongful acts.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stragent requests that this Court enter:

A.   A judgment in favor of Stragent that Defendant has infringed the '477 Patent, the
    '790 Patent, the '036 Patent and the '765 Patent;

B.  A judgment and order requiring Defendant to pay Stragent its damages, costs,
    expenses, prejudgment and post-judgment interest, and post-judgment royalties for
    Defendant's infringement of the Patents as provided under 35 U.S.C. § 284;

C.  A judgment and order holding that Defendant's infringement was willful, and
    awarding treble damages and attorney fees and expenses;

D.  Judgment that this is an exceptional case, and, thus, awarding attorney fees and
    expenses to Plaintiff; and

E.  Any and all other relief to which the Court may deem Stragent entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff Stragent, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial

by jury of any issues so triable by right.

Dated: April 15, 2020

Respectfully submitted,

*Of Counsel*:

Thomas F. Meagher
Alan Christopher Pattillo
Meagher Emanuel Laks Goldberg & Liao,
LLP
One Palmer Square
Suite 325
Princeton, New Jersey 08542
(609) 454-3500
tmeagher@meagheremanuel.com
cpattillo@meagheremanuel.com

*/s/ George Pazuniak*
George Pazuniak (DE Bar 478)
O'KELLY & ERNST, LLC
824 N. Market St.
Suite 1001A
Wilmington, DE 19801
Tel: 302-478-4230
Email: GP@del-iplaw.com

*Counsel for Plaintiff*
*Stragent, LLC.*