

**George Pazuniak, Esq.**
**gp@del-iplaw.com**
**Direct: (302) 478-4230**
**Alternate: (207) 359-8576**

April 16, 2021

**VIA ECF**

The Honorable Leonard P. Stark
Chief Judge United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801

> RE:   *Stragent, LLC v. BMW of North America, LLC,, et al., CA 1:20-cv-00510-LPS*;
> *Stragent, LLC v. Mercedes-Benz USA, LLC, et al., CA 1:20-cv-00511-LPS*
> *Stragent, LLC v. Volvo Car North America, LLC, CA 1:20-cv-00512-LPS*

Dear Judge Stark:

Pursuant to the Court's Order, the parties hereby jointly submit a proposed Scheduling Order for the Court's consideration. The parties are in agreement on all issues except for Paragraphs 25 and 26 of the attached draft.

The Defendants propose an early summary judgment motion with expert discovery and a hearing regarding claim and/or issue preclusion. Plaintiff Stragent opposes the process. The parties' respective positions are set forth below.

### Defendants' Position

In the Order denying the Defendants' motions to dismiss, Your Honor held that "the dismissals with prejudice in *Stragent II* constitute a final judgment on the merits for purposes of claim preclusion" (D.I. 30 at 6-7);[1] as a result, the *Stragent II* dismissals can trigger claim preclusion, if Stragent II involved the same cause of action as these cases. As the Court noted in the Order, the sole question relates to "whether the patent claims asserted here are the same or substantially the same as those that were asserted in *Stragent II*." *Id*. at 9. However, the Court found that, "without the benefit of claim construction or any expert opinion," this requirement was not satisfied as a matter of law such as would permit the Court to grant the motions to dismiss. *Id*. at 10-11. On the subject of issue preclusion, the Court similarly held that it "cannot find at this stage of the case that the additional limitations in the Delaware patents' claims, as compared to the claims of the Texas patents, would not materially change the question of patentability." *Id*. at 13.

---

[1]   Docket citations are to Case No. 1:20-cv-00510-LPS.

Thus, in order to determine whether claim and issue preclusion apply in this case—in other words, to resolve the question of whether some or all of Stragent's claims should proceed—the Court need only hear the parties' positions and receive expert opinions on the scope of the *Stragent II* patents as compared to the presently asserted patents.  And if the parties' positions and expert opinions establish that Stragent II patents and the present patents are not patentably distinct, Stragent's claims against these Defendants are precluded.  Thus, to promote an efficient use of Court and party resources, Defendants propose that the Court address these narrow questions with the benefit of targeted expert discovery and tailored briefing before expanding the scope of the present litigation.  In particular, Defendants propose an early discovery/briefing/hearing schedule on this specific issue that is likely to entirely, or at least substantially, resolve this case.  Defendants also propose that, apart from earlier dates set forth in the schedule for core technical production, infringement contentions and invalidity contentions, the parties will not engage in fact discovery until after a decision on a motion for summary judgment of claim and/or issue preclusion.  Defendants' proposal is outlined in Paragraphs 25 and 26 of the attached draft Scheduling Order.  Specifically, Defendants propose that, after the parties exchange core technical documents and contentions, the parties shall exchange expert declarations on claim/issue preclusion on September 10 and October 1, 2021, and shall complete briefing on these issues by November 12, 2021.

## Plaintiff's Position

Defendants' proposed early summary-judgment motion is a request for reargument that will present no new facts or law.  Defendants merely propose to add expert declarations to the renewed motion, but it otherwise will be the same motion based on the same facts and law as the motion already decided by the court.  But, if expert declarations would have been helpful, Defendants should have requested leave to submit those declarations as part of the prior motion.

In any event, if Defendants' can submit an expert declaration that the current claims are patentably the same as the claims in the earlier patents, Plaintiff Stragent will have no trouble responding with its own declarations as there are material differences between the prior and present claims.  It is not apparent how these competing declarations arguing the same claims and facts as before will assist the Court.

It is noteworthy that Defendants' propose to reargue their prior motion to dismiss before claim construction.  The Court's Memorandum Opinion had stated that:

> Here, then, absent a determination of claim scope, the fact that the currently-asserted claims are terminally disclaimed over the Texas patents does not automatically establish that they are "essentially the same" as the claims asserted in Stragent II.

D.I. 38 at page 10.  Thus, the one issue that the court thought might be important was the construction of the claims, and, yet, the Defendants propose to present arguments before claim construction.

Finally, Defendants' argument is not consistent with Defendants' own proposed ¶¶ 25-26. Defendants assert that:

> Defendants also propose that, apart from earlier dates set forth in the schedule for core technical production, infringement contentions and invalidity contentions, the parties will not engage in fact discovery until after a decision on a motion for summary judgment of claim and/or issue preclusion.

Nothing in Defendants' proposed ¶¶ 25-26 stays discovery pending the Court's determination of the proposed reargument. Any such stay of discovery is not only absent in the proposed Scheduling Order, but such a stay would severely risk the ability of the parties to complete discovery within the schedule set forth in the scheduling order.

For all these reasons, Plaintiff opposes the inclusion of ¶¶ 25-26.

Respectfully Submitted,

*/s/ George Pazuniak*
George Pazuniak

cc:  All counsel via ECF